c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DR. MARIE DEMERY, Plaintiff | CIVIL ACTION NO. 1:20-CV-00067 |
| VERSUS | JUDGE JOSEPH |
| BRIAN LITTLETON, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Extension to Effect Service of Process ("Motion for Extension") (ECF No. 34) filed by *pro se* Plaintiff Dr. Marie Demery ("Demery").

Demery fails to establish good cause for her failure to effect service for more than on year. Demery's Motion for Extension (ECF No. 34) should thus be DENIED. Moreover, this action should be DISMISSED WITHOUT PREJUDICE under LR 41.3 for failure to effect service.

I. **Background**

On January 15, 2020, Demery filed a civil action under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030(a)(5)(A)(B)(C) and 1030(c)(4)(i)(I), and 18 U.S.C. § 2510(21)(A)(B) against sole Defendant Brian Littleton ("Littleton"), for computer hacking and cyberstalking. ECF No. 1 at 2.[1] Thereafter, Demery filed various iterations of the original complaint (ECF No. 1), among other filings, pertaining to service through a FedEx courier to a business address.

---

[1] Demery also appears to assert diversity jurisdiction because Littleton is an Illinois citizen.

1

On February 11, 2021, the undersigned denied Demery's Motion for Entry of Default (ECF No. 30) and deemed the summons returned as unexecuted. *See* ECF Nos. 30, 31, 33. Demery was given thirty (30) days from that date to complete service on Littleton. ECF No. 33. Thus, Demery had until March 13, 2021 to effect service of process.

From what the Court can ascertain, Demery now seeks an extension of time to effect service of process on Littleton. ECF No. 34. Demery's pleadings are here, as ever, confusing and difficult to construe. But it appears Demery points to various reasons for her failure to effect service, including a heavy schedule, winter storms, frozen pipes, and plumbing issues. ECF No. 34 at 3. Demery attaches without explanation President Biden's Executive Order on Advancing Racial Equity (ECF No. 34 at 4); excerpts of the Complaint and Request for Default (ECF No. 34 at 5-8); a Complaint Overview (ECF No. 34 at 11-20); and a copy of a letter from the Court post-stamped February 12, 2021 with her notation that she received it on February 19, 2021 due to "snow storms" (ECF No. 34 at 21).

## II. Law and Analysis

Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Landry v. Garber*, No. 6:19-CV-00367, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019), *report and recommendation adopted*, No. 6:19-CV-00367, 2019 WL 2943409 (W.D. La. July 8, 2019) (citing *Aetna Business Credit, Inc. v. Universal*

*Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

While the Court has construed Demery's pleadings and requests broadly, Demery is required to comply with Rule 4 of the Federal Rules of Civil Procedure.[2] Under Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. Proc. 4(c)(1). Subsection (m) further states that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Good cause "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed.App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)). Furthermore, "[p]ro se status does not excuse a litigant's complete failure to effect service." *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)); *see also Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (citations omitted) ("A

---

[2] Instructions for service of process are found in this Court's Guide to Practice which may be found online at https://www.lawd.uscourts.gov/court-rules. Alternatively, Demery may obtain a paper copy of the Guide to Practice from the Clerk of Court's office.

3

litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure.").

Here, it has now been well over a year since Demery filed suit. Demery has already received one formal extension. Still, to date, Littleton has not been properly served. Meanwhile, Demery's explanations fall short. Even in the aggregate, the impediments and difficulties Demery described do not account for a delay of this length and type. Otherwise, Demery does not suggest or evidence other circumstances which would warrant another extension or additional, even more protracted delay.

Demery has received ample leeway as a *pro se* litigant. Without good cause, Demery has failed to effect service. Demery's Motion for Extension (ECF No. 34) should therefore be denied. Moreover, because Demery has failed to properly serve the only named Defendant, the lawsuit in its entirety should be dismissed for lack of jurisdiction and for failure to prosecute by effecting service.[3]

### III. Conclusion

Because Demery fails to establish good cause for her failure to effect service for well more than one year;

---

[3] "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350; 119 S.Ct. 1322, 1327 (1999) (citation omitted). Similarly, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104; 108 S.Ct. 404, 409 (1987).

IT IS RECOMMENDED that Demery's Motion for Extension (ECF No. 34) be DENIED.

IT IS FURTHER RECOMMENDED that this lawsuit be DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction and for failure to prosecute under LR 41.3 for failure to effect service.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Wednesday, April 21, 2021.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE